NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-305

COMMONWEALTH

vs.

OSVALDO OTERO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant, Osvaldo Otero, was convicted of two counts of rape of a child aggravated by a five-year age difference on his granddaughter, A.H., and one count of rape of a child aggravated by a ten-year age difference on A.H.'s friend, N.C.[1]  On appeal, the defendant claims that the judge erred in admitting evidence that the defendant also raped A.H. and N.C. in Brockton (Plymouth County).  We affirm.

---

[1] The jury found the defendant not guilty of three additional counts of rape of a child aggravated by a five-year age difference.  The judge entered a required finding of not guilty after the close of the Commonwealth's case on three counts of indecent assault and battery on a child under fourteen years of age and one count of forcible rape of a child.

Facts.  The jury could have found the following facts.
A.H., the defendant's granddaughter, was born in 2002.  N.C. was
born in 2001.[2]  The defendant was born in 1961.  At the time of
trial, A.H. was twenty years of age, and N.C. was twenty-one
years of age.

A.H. described three instances when the defendant raped
her -- two occurred in Bristol County and one occurred in
Plymouth County.  When A.H. was eight or nine years of age, the
defendant raped her in her home in Fall River while he was
babysitting.  A.H was asleep in her mother's bedroom and awoke
to find the defendant digitally penetrating her vagina.  He also
inserted his penis in A.H.'s anus and vagina.  The defendant
then orally raped A.H., then grabbed her head and put his penis
in her mouth until he ejaculated.  The defendant told A.H. that
if she told anyone, no one would believe her.

A.H. next described being raped by the defendant when he
stayed overnight in her home in Fall River.  The defendant came
into A.H.'s room and put his penis in her mouth until he
ejaculated.  A.H. testified that the defendant sexually
assaulted her "a lot," including in Fall River, when she was
between the ages of eight and eleven.

---

[2] A.H. and N.C. were childhood friends, although they
stopped speaking between 2017 and 2019.

N.C. had a close relationship with A.H. and spent significant time with A.H.'s family. When N.C. was twelve years of age, she attended a family party with, among others, A.H. and the defendant. After the party, the defendant drove the girls to an abandoned building in Fall River and parked the van. The defendant anally raped N.C., and vaginally raped A.H., ejaculating after each assault. The assaults stopped when someone approached the van with a flashlight. The defendant dropped the girls off at A.H.'s house and told them not to tell anyone or "we'll all get in trouble."

Both A.H. and N.C. also described being raped by the defendant in Brockton on Father's Day 2014.[3] In July 2014, N.C. first disclosed the abuse to A.H.'s mother. Thereafter, A.H. disclosed the abuse to her mother and police detectives, who obtained a search warrant for the defendant's van. The van was seized and processed by the State Police Crime Laboratory. Five stains were located in the van, two of which tested positive for sperm cells and saliva and matched the defendant's DNA profile.

Pretrial motions. The defendant filed a "motion in limine to exclude any and all evidence related to prior bad acts." The

_____

[3] The defendant was convicted of raping A.H., N.C., and a third victim, J.H., in Plymouth County. He appealed contending that the judge erred in admitting evidence of the rapes that occurred in this case. A panel of this court affirmed those convictions. See Commonwealth v. Otero, 97 Mass. App. Ct. 1104 (2020).

3

Commonwealth filed a motion in limine "to admit evidence of prior bad acts between the defendant and his granddaughters." This included the defendant's sexual assaults of A.H. and N.C. in Plymouth County, and his sexual assaults of a different granddaughter, J.H., who was a victim in the Plymouth County case. The judge denied the defendant's motion as to the evidence found in the van in Plymouth County; however, she excluded all evidence related to the sexual assaults of J.H. She allowed the Commonwealth's motion to admit evidence of the defendant's rapes of A.H. and N.C. that occurred in Brockton.

Discussion. The defendant contends that the judge erred in admitting evidence of the rapes of A.H. and N.C. that occurred in Plymouth County. We review this claim to determine whether the judge abused her discretion in admitting this evidence and conclude that she did not. See Commonwealth v. Teixeira, 486 Mass. 617, 627 (2021). Evidence of a defendant's prior bad acts "is inadmissible for the purpose of demonstrating the defendant's bad character or propensity to commit the crimes charged." Commonwealth v. Crayton, 470 Mass. 228, 249 (2014). However, evidence of the defendant's other criminal acts is admissible to show a common plan or scheme or pattern of criminal conduct. See Commonwealth v. Almeida, 479 Mass. 562, 568 (2018). Such evidence is also admissible to prove the defendant's state of mind, motive, intent, opportunity,

4

preparation, plan, or knowledge, or for the entire relationship between the victims and the defendant. See Commonwealth v. Oberle, 476 Mass. 539, 550-551 (2017). In this case, the two acts of rape in Plymouth County were admissible to show that the nature of the defendant's relationships with A.H. and N.C. "was one of continuous sexual abuse." Commonwealth v. Childs, 94 Mass. App. Ct. 67, 71-72 (2018).

"Even if the evidence is relevant to one of these other purposes, the evidence will not be admitted if its probative value is outweighed by the risk of unfair prejudice to the defendant." Crayton, 470 Mass. at 249. Here, the judge carefully considered the proposed evidence and exercised her discretion to admit some evidence, while excluding other evidence. See Commonwealth v. Peno, 485 Mass. 378, 394-395 (2020). In so doing, the judge properly balanced the prejudicial effect of the proposed evidence against its probative value. The defendant was indicted on ten charges stemming from the sexual abuse of A.H. and N.C. The judge admitted evidence of only two acts of rape that occurred in Plymouth County and excluded all evidence concerning the rapes of J.H. See id. (exclusion of certain prior bad act evidence indicated proper exercise of discretion).

Furthermore, the judge properly took steps to mitigate the prejudicial effect of the evidence by giving the jury limiting

5

instructions at the time the evidence of the Plymouth County rapes was offered and in the final charge.  These instructions were repeated, contemporaneous, and strong, and the jury are presumed to follow them.  See Commonwealth v. Cheremond, 461 Mass. 397, 414 (2012).  That the jury found the defendant not guilty of three counts of aggravated rape of a child indicates that it was not overwhelmed or improperly swayed by this evidence.  See Commonwealth v. Bourgeois, 68 Mass. App. Ct. 433, 438 (2007).

Judgments affirmed.

By the Court (Meade, Blake & Brennan, JJ.[4]),

Assistant Clerk

Entered:  June 6, 2024.

---

[4] The panelists are listed in order of seniority.